UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID CROSS, et al.

      Plaintiffs,

vs.

CASE NO. 15-CV-02364-EAK-JSS

CITY OF SARASOTA, et al.

      Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO SEVER

**THIS CAUSE** comes before the Court on the Motion to Dismiss, Motion to Strike, and Motion to Sever (the "**Motions**") filed by City of Sarasota and Bernadette DiPino (the "**Defendants**"). After careful consideration of the parties' submissions, together with the Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (the "**Complaint**"), the Court concludes that Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion to Strike is **DENIED**. Defendants' Motion to Sever is **DENIED**.

### I. Introduction

Defendants raise a number of issues in their motion. The primary legal issue raised by Defendants is whether the Court should dismiss redundant official capacity claims against a state official where the applicable state entity has been sued directly for more than injunctive relief. Upon review, the Court finds the official capacity claims against Chief DiPino are redundant and, as a result, subject to dismissal. A second issue that is presented is whether the Plaintiffs' acquisition of temporary housing precludes a challenge to § 34-41 of the City Code (the

1

"**Lodging Ordinance**"). Upon review, the Court rejects that contention. The Plaintiffs' living arrangement is not definite and there is a substantial likelihood that Plaintiffs could again be subject to the Lodging Ordinance. Additionally, Defendants request the Court both strike portions of Plaintiffs' complaint and sever Count III of the complaint. The Court denies both motions as the information Defendants seek to strike is relevant to Plaintiffs claims as a whole, and severing Count III would not promote judicial efficiency.

II.     Background and Procedural History[1]

Plaintiffs, David Cross, Shawn Davis, Donald Gould, Paul Lonardo, Joseph Vasta, George Zellner, Michael Basile, and Dorothy Meehan (the "**Plaintiffs**"), are homeless individuals in Sarasota, Florida, who lack a fixed, regular and adequate nighttime residence and do not have a permanent residence. Doc. 5 ¶¶ 2–9. Defendant, City of Sarasota, Florida, ("**City**") is a municipal corporation, organized under the laws of the State of Florida. Doc. 5 ¶ 10. Defendant, Bernadette DiPino, is the Chief of the Sarasota Police Department and has the responsibility for enforcement of municipal ordinances. Doc 5 ¶ 11. The facts set out are considered facts only for resolving the motions herein.

The City has criminalized lodging out of doors via the Lodging Ordinance, Doc 5 ¶ 48, and has prosecuted individuals under such Ordinance from 2013 through September 2015. Doc. 5 ¶¶ 75–77. Plaintiffs have been arrested and prosecuted for violation of the Lodging Ordinance, and fear subsequent prosecution. Doc. 5 ¶¶ 89–127. In addition, the City has enacted § 23-6 City Code ("**Panhandling Ordinance**"), a city ordinance that prohibits panhandling in specified locations within the City. Doc. 5 ¶¶ 160–168.

---

[1] **The facts set out are considered facts only for resolving the motions herein.**

2

Plaintiffs allege in Count I of the First Amended Complaint that the Lodging Ordinance violates the Eight Amendment to the United States Constitution by criminalizing sleeping in public. Doc. 5. Plaintiffs request a declaration that the Lodging Ordinance is unconstitutional. Doc. 5. Plaintiffs raise the same contention in Count II of the First Amended Complaint and request injunctive relief, Doc. 5 ¶ 161; however, in Plaintiffs' Prayer for Relief, Plaintiffs request declaratory relief. Doc. 5 at 32–33. Plaintiffs allege in Count III that the Panhandling Ordinance violates the First and Fourteenth Amendments of the Constitution as an unlawful restriction of free speech. Doc. 5 ¶ 159. Accordingly, Plaintiffs request declaratory relief that the Panhandling Ordinance is unconstitutional. Doc. 5.

Defendants move to dismiss all claims against Chief DiPino as redundant and allege that retaining such claims would only serve to confuse the jury. Doc. 6 at 3. Defendants move to dismiss Count II alleging that Plaintiffs failed to assert a cause of action on which relief can be granted. Doc. 6 at 4. Defendants move to dismiss all claims for prospective relief by Plaintiffs Lonardo, Vasta, and Basile. Doc. 6 at 6.

## Motion to Dismiss

### III. Legal Analysis

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court

must "accept the factual allegations in the complaint as true and construe them in the light more favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012). Legal conclusions, unlike factual allegations, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### A. All Official Capacity Counts Against Chief DiPino

Plaintiffs bring Count II against Chief DiPino in her official capacity and allege that the enforcement of the Lodging Ordinance violates the Eighth Amendment. "The Eleventh Amendment bars suits seeking damages against a state entity, and official-capacity filed against state officials are merely an alternative way of pleading action against the entity of which Defendant is a [representative]." *Hall v. Jarvis*, 2011 WL 971125, 4 (M.D. Fla. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). However, actions seeking prospective injunctive relief against state officials in their official capacity to remedy violations of federal constitutional law are not barred by the Eleventh Amendment. *See Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989).

The action against Chief DiPino here is improper as Plaintiffs seek more than injunctive relief in Count II. *See Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009) (holding that an Eleventh Amendment exception exists for state officials as long as the plaintiffs seek only prospective injunctive relief). In addition to the injunctive relief requested in Plaintiffs' prayer for relief, Plaintiffs request declaratory relief, compensatory damages, attorneys' fees and costs, and any such other relief that the Court deems appropriate. Doc. 5 at 32–33. In addition, the Plaintiffs do not dispute that Count I against Chief DiPino should be dismissed, Doc. 15, and acknowledge that Count III does not name Chief DiPino in her individual capacity. Doc. 15 at 3, n. 1. Accordingly, Defendants' Motion to Dismiss is

**GRANTED IN PART**, and all counts against Chief DiPino in her official capacity are dismissed with prejudice.

### B. Count II

Count II of Plaintiffs' Amended Complaint is titled "Injunctive Relief" and paragraph 161 within Count II states, "Plaintiffs seek a temporary restraining order and/or preliminary and permanent injunction." Doc. 5 ¶ 161. In Plaintiffs' "Prayer for Relief", however, Plaintiffs' request declaratory and compensatory relief. Doc 5 at 32–33. Due to the inconsistencies of the relief sought in Count II of Plaintiffs' Amended Complaint, Defendants are without notice of what Plaintiffs request for relief. Accordingly, Defendant's Motion to Dismiss is **GRANTED IN PART** and Count II of Plaintiffs' Amended Complaint is dismissed without prejudice.[2]

Further, Defendants challenge the standing of particular Plaintiffs to bring suit—Lonardo, Vasta, and Basile—and allege that the Plaintiffs are no longer homeless due to their acquisition of transitional housing. Doc. 6 at 5. Despite the availability of transitional housing, Plaintiffs contend that Lonardo, Vasta, and Basile maintain standing to bring suit because they are still homeless under 42 U.S.C. § 11302(a) (2000). Doc. 15 at 4.

"When standing is raised in a motion to dismiss, the issue is properly resolved by reference [to the] allegations of complaint." *Church v. City of Huntsville*, 30 F.3d 1332, 1338. To have standing to bring suit, the Plaintiffs must demonstrate a "real and immediate threat" that they will again be subjected to the enforcement of the City's Lodging Ordinance. *See Washington v. Vogel*, 156 F.R.D. 676, 679 (M.D. Fla. 1994). Where a plaintiff seeks injunctive relief, the

---

[2] Despite Defendant's Motion to Dismiss Count II having been granted in part, the Court acknowledges that Plaintiff's Prayer for Relief in Count I is identical to Plaintiffs' Prayer for Relief in Count II, and is likely a result of a scrivener's error. In an effort to resolve the case on its merits, this Court will address the remaining portions of Defendant's Motion to Dismiss, Motion to Strike, and Motion to Sever.

plaintiff is required to "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Strickland v. Alexander*, 772 F.3d 876, 883, (11th Cir. 2014) (citing *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

Accepting the allegations in the complaint as true, Plaintiffs have transitional housing, but they lack a permanent and adequate nighttime residence. Doc. 5 ¶¶ 5, 6, 8. As alleged, the transitional housing in which plaintiffs reside is a "privately operated shelter designed to provide temporary living accommodations." Doc. 5 at 3. Due to the unpredictable nature of homelessness and the temporary nature of the Plaintiffs' current housing as alleged, there is a "substantial likelihood" that Plaintiffs will again be subjected to the lodging ordinance in the future. *See Strickland*, 772 F.3d at 883.

Defendants rely on *City of Los Angeles v. Lyons* to argue that Plaintiffs, due to their transitional housing, lack standing to bring suit. 461 U.S. 95, 106–07. The plaintiff in *Lyons* sought injunctive relief against the City of Los Angeles after being subjected to a chokehold for a traffic violation. *Id.* at 97–98. However, in *Lyons*, the Court stated the plaintiff lacked standing because the possibility of again being stopped for a traffic violation and suffering a stranglehold at the hands of the police department was "no more than speculation." *Id.* at 108. The Plaintiffs' situation in the instant case is distinguishable. The unpredictable nature of transitional housing and lack of a long-term nighttime residence subjects Plaintiffs to a higher probability of being subjected to the disputed action than the plaintiff in *Lyons*. Further, unlike choosing to violate traffic laws, homelessness is a status and "plaintiffs cannot avoid future 'exposure to the challenged course of conduct' in which the City allegedly engages." *Church* at 1338 (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974)).

Accordingly, Defendants' Motion to Dismiss with regard to Plaintiffs Lonardo, Vasta, and Basile is **DENIED IN PART**.

### C. Count III

Plaintiffs allege in Count III of the Amended Complaint that the Panhandling Ordinance unlawfully violates the First Amendment right of Plaintiff, David Cross, to engage in solicitation of immediate charitable contributions. Doc. 5 at 35. Defendants argue that Cross lacks standing to bring this count and fails to state a claim upon which relief can be granted because Plaintiff's allegations are purely theoretical and speculative. Doc. 6 at 7.

Plaintiff Cross challenges the City's Panhandling Ordinance in its entirety, Doc. 15 at 9, as a violation of his First Amendment right to free speech. Doc. 5 at 34. Plaintiff states but for the reasonable fear of criminal prosecution under the City's Ordinance, he would exercise his First Amendment right to solicit immediate charitable contributions within the prohibited geographical areas. Doc. 5 ¶ 171. Plaintiff has not yet been prosecuted under the Panhandling Ordinance; however, Plaintiff does not need to "risk prosecution to obtain preventable relief when his . . . exercise of a constitutional right is at stake." *Bee's Auto, Inc. v. City of Clermont*, 8 F.Supp.3d 1369, 1377 (M.D. Fla. 2014). Plaintiff's reasonable fear of threatened harm of prosecution under the Panhandling Ordinance as alleged in the Complaint is sufficient under the injury in fact requirement under Article III. *See Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979). Accordingly, Plaintiff has standing to bring Count III and Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint is **DENIED IN PART**.

### Motion to Strike

Defendant moves to strike portions of Plaintiffs' complaint under Fed. R. Civ. P. 12(f) contending that Plaintiffs' Amended Complaint contains allegations that are immaterial

and impertinent. Doc. 6 at 9. Defendant contends that the allegations only "tangentially involve homelessness" and have no direct relationship to Plaintiffs or Plaintiffs' causes of action that are subject of the instant suit. Doc. 6 at 9. Rather, Defendant contends that Plaintiffs' allegations only serve to obfuscate the material issues of Plaintiff's claims. Doc. 6 at 9. In the Amended Complaint, Plaintiffs discuss HUD and HUD's involvement regarding homelessness in local municipalities (Doc. 5 ¶¶ 14–22). Plaintiffs then reference "Sarasota's Consolidated Plan" (Doc. 5 ¶¶ 23–29) and "The Marbut Report" (Doc. ¶¶ 30–36) which both discuss the homeless population in Sarasota County and the City of Sarasota.

Rule 12(f) of the Fed. R. Civ. P. provides that upon a party's motion, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In addressing a motion to strike, "a court will not exercise its discretion . . . unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Dennis v. Northwestern Mutual Life Insurance Co.*, 2006 U.S. Dist. LEXIS 19578 at 4 (M.D. Fla. 2006) (*citing Nankivil v. Lockheed Martin Corp.*, F.R.D. 689, 691 (M.D. Fla. 2003)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Rehyer v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

The information Defendants seek to strike goes to the heart of Plaintiffs' claims. Striking portions of a pleading is a drastic measure and the Court declines to exercise its discretion in this matter. The information contained in Plaintiffs' Amended Complaint that Defendant seeks to strike has a relation to Plaintiffs' causes of action. Thus, Defendant's Motion to Strike is hereby **DENIED**.

## Motion to Sever Count III

The Federal Rules of Civil Procedure allow a district court to sever claims against a party. FED. R. CIV. P. 21. When addressing whether to sever claims against a party, a court must determine whether the interests of efficiency and judicial economy would be advanced in allowing the claims to be tried together, and whether any party would be unfairly prejudiced if the claims are not severed. *See Clay v. AIG Aerospace Ins. Services, Inc.*, 61 F.Supp.3d 1255, 1271 (M.D. Fla. 2014). When considering whether to sever claims, a court will look at (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present a common question of law or fact, (3) whether severance would promote judicial economy, (4) the relative prejudice to each side in severing the claims, (5) protecting principles of fundamental fairness, and (6) whether different witnesses and/or evidence is required for each of Plaintiffs' claims. *See Alhassid v. Bank of America, N.A.*, 60 F.Supp.3d 1302, 1326 (S.D. Fla. 2014). "It is ultimately within the court's discretion to sever a . . . claim to proceed separately from the main action." *Clay*, 61 F.Supp.3d at 1271.

Applying these factors, Count III shares the same parties as Counts I and II. While Count III challenges the constitutionality of the Panhandling Ordinance as distinct from the Lodging Ordinance, both claims arise out of the City's interaction and actions toward the homeless population present in the City. All three claims share similar parties and Plaintiffs will present evidence related to all three counts to support their claim. Finally, judicial economy and fundamental fairness are promoted by maintaining consolidation of Plaintiffs' claims as it would eliminate unnecessary case management and duplications in a second case that shares similar parties, facts, and evidence. Accordingly, Defendant's Motion to Sever Count III is **DENIED**.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint for (1) all claims against Chief DiPino, and (2) failure to assert a cause of action upon which relief can be granted is **GRANTED IN PART** and the Clerk of the Court shall terminate her as a defendant. However, Defendant's Motion to Dismiss Plaintiffs' Complaint for Plaintiffs', Lonardo, Vasta and Basile, lack of standing to bring suit and Cross' lack of standing to bring Count III is **DENIED IN PART**. Additionally, Defendant's Motion to Strike and Motion to Sever Count III are **DENIED**. The Plaintiffs have ten days to file an amended complaint to correct the issues noted as to Count II.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of June 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record