UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID CROSS, et al.,

    Plaintiffs,

v.                                                                    CASE NO. 8:15-CV-2364-17JSS

CITY OF SARASOTA, et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' motions for partial dismissal of the Second Amended Complaint (Dkts. 29, 30), Plaintiffs' responses in opposition (Dkts. 33, 34), and Defendants' replies, which were filed with leave of Court (Dkts. 40, 41).

In this Section 1983 action, eight homeless individuals ("Plaintiffs") sue the City of Sarasota ("the City") and Chief of Police Bernadette DiPino (""Chief DiPino"), challenging the constitutionality of two City ordinances. In the Second Amended Complaint, Plaintiffs allege that Section 34-41 of the City Code criminalizes sleeping in violation of the Eighth Amendment (Counts I and II), and Plaintiff David Cross independently alleges that Section 23-7 of the City Code ("the Panhandling Ordinance") is facially unconstitutional in violation of the First Amendment (Count III). (Dkt. 28 at ¶ 1).

The City moves to dismiss Count III as moot, based on the City's post-suit amendments to the Panhandling Ordinance. In addition, Chief DiPino moves to dismiss the claims against her as improper because this Court previously dismissed those claims. For the reasons set forth, both motions are granted.

## The City's Motion to Dismiss

After Plaintiffs filed this action, the City amended its Panhandling Ordinance. (Dkt. 30 at 2; Dkt. 30-1). As a result, the parties agree that Count III is moot, to the extent that it requests declaratory relief. (Dkt. 34 at 1); Crown Media, LLC v. Gwinnett County, 380 F.3d 1317, 1324-25 (11th Cir. 2004)

However, Plaintiff Cross maintains that his request for compensatory damages is not rendered moot by the amendment. (Dkt. 34 at 1); Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d 1231, 1244 (11th Cir. 2011). The City does not dispute, as a general matter, that a damages claim remains viable under these circumstances. The City instead argues that Plaintiff Cross failed to sufficiently allege monetary damages. As a result, the City contends that recovery should be limited to nominal damages.

The City improperly raises the damages issue for the first time in its reply brief. In addition, unless Plaintiff Cross is claiming special damages, he is not required to allege compensatory damages with specificity. Fed. R. Civ. P. 9(g). Accordingly, Count III is dismissed as moot only insofar as it seeks declaratory relief.

## Chief DiPino's Motion to Dismiss

This Court previously dismissed the official-capacity claims against Chief DiPino because they were redundant to the claims asserted against the City. (Dkt. 27 at 1, 10). The Court also directed that Chief DiPino be terminated as a defendant. (Id. at 10). Nonetheless, Plaintiffs' Second Amended Complaint continues to assert a claim for injunctive relief against Chief DiPino. (Dkt. 28 at ¶ 11). Chief DiPino moves to dismiss that claim because it is pleaded in violation of this Court's Order.

The official-capacity claims against Chief DiPino are properly characterized as claims against the City of Sarasota. Cook v. Randolph County, 573 F.3d 1143, 1149 (11th Cir. 2009). Because the City is named as a defendant in this action, the official-capacity claims against Chief DiPino are redundant. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Accordingly, all claims against Chief DiPino in her official capacity are properly dismissed as redundant. To the extent that the previous Order suggested otherwise, this Order controls.[1]

Based on the foregoing, it is **ORDERED** that:

(1) Defendant Bernadette DiPino's Motion to Dismiss (Dkt. 29) is **GRANTED**. All official-capacity claims against Bernadette DiPino are dismissed as redundant.

(2) Defendant City of Sarasota's Motion to Dismiss (Dkt. 30) is **GRANTED**, to the extent that the requests for declaratory relief in Count III are dismissed as moot.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 2nd day of November, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record

---

[1] The City and Chief DiPino are not asserting Eleventh Amendment immunity. See Cooper v. Dillon, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (explaining that an official-capacity suit against the Chief of Police for the City of Key West is the same as a suit against the City of Key West, which is not entitled to Eleventh Amendment immunity).